# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN RUSSELL, | Case No. 2:16-cv-00391-APG-NJK |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | (IFP App - Dkt. #1) |
| CABLE NEWS NETWORK, INC., | |
| Defendant. | |

Plaintiff Jordan Russell is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on February 25, 2016. Docket No. 1-1. This proceeding was referred to this Court by Local Rule IB 1-9.

Plaintiff filed the instant action against Cable News Network, Inc. Docket No. 1-1. Plaintiff alleges that Defendant has invaded his privacy and has, therefore caused unspecificied "manipulations of bodily processes." *Id*. at 1-2. Plaintiff further alleges that, even if Defendant itself is not "manipulating [Plaintiff's] bodily processes," Defendant may have knowledge as to who is doing so. *Id*. at 2. PLaintiff alleges that the manipulations of bodily processes and invasion of privacy have subjected him to "delay and harassment as well as unfair competition," and have "impeded this process of litigation, including the obstruction of lawyer-client privilege, along with other aspects of life." *Id*.

Plaintiff seeks $500 million in compensatory and punitive damages. *Id*. at 3. Plaintiff also seeks "an immediate cessation of the invasion of privacy and manipulations of bodily processes by the defendant and/or any person(s) and/or entity with which the defendant has been or is affiliated." *Id*. at 2. Further, Plaintiff requests identities of "associates, affiliates, governments agencies and/or entities" with whom Defendant "has shared information obtained and/or derived from the invasion of privacy and/or

manipulations of plaintiff's processes." *Id*. Plaintiff additionally seeks information regarding the "technological mediums [sic], transmissions, devices, and/or minute exogenous agents responsible for the invasion and manipulations." *Id*. at 2-3. Finally, in the event Defendant "controls processes within [Plaintiff's] body and is unwilling to reliquish control," Plaintiff requests an injunction. *Id*. at 3.

## I. *In Forma Pauperis* Application

Pursuant to 28 U.S.C. § 1915(a), a person seeking to proceed *in forma pauperis* must submit an application indicating he is unable to prepay fees and costs or give security for them. The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them, as required by § 1915(a). Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

## II. Screening the Complaint

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

Plaintiff's complaint is clearly premised on a delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Plaintiff seeks $500,000,000 in damages related to an alleged invasion of privacy by the Cable News Network, which allegedly manipulated Plaintiff's bodily processes. He provides no factual details surrounding the claims, and fails to identify any law or legal theory under which he seeks recovery other than a reference to "invasion of privacy."[1] The alleged facts are irrational and wholly incredible, making a finding of frivolousness appropriate. It is clear that the deficiencies in the complaint cannot be cured by amendment.

## III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* be **GRANTED** and his Complaint dismissed **WITH PREJUDICE** as frivolous.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: February 26, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] On his civil cover sheet, which is not part of his complaint, Plaintiff states that he is filing his case pursuant to 28 U.S.C. § 1332. This statute, however, is the Diversity of Citizenship statute, and not a cause of action.